**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**TANZA NELSON and
HELEN EDWARDS**                                                                                **PLAINTIFFS**

v.                                    Case No.  4:15-cv-00605 KGB

**JIMMY BANKS, in his official capacity
as Warden of the Varner Unit and in his
individual capacity, and the
ARKANSAS DEPARTMENT OF CORRECTION**                **DEFENDANTS**

**OPINION AND ORDER**

Before the Court is a motion for summary judgment on the claims of separate plaintiff Helen Edwards filed by defendants Warden Jimmy Banks and the Arkansas Department of Correction ("ADC") (Dkt. No. 32).  Ms. Edwards has responded to defendants' motion, and the defendants have replied to Ms. Edwards' response (Dkt. Nos. 35; 39).  For the following reasons, Warden Banks and the ADC's motion for summary judgment is granted (Dkt. No. 32).  Ms. Edwards' claims against Warden Banks and the ADC are dismissed with prejudice.

**I.     Background**

Unless otherwise indicated, the following facts are taken from Ms. Edwards's response to defendants' statement of undisputed material facts (Dkt. No. 37).  Ms. Edwards is a former employee of the ADC.  She filed her first lawsuit against the ADC in the Circuit Court of Jefferson County, Arkansas, on August 19, 2011.  She amended her complaint in her original suit on two occasions, adding claims against the Varner Unit Employee Corporation ("VUEC") and against Warden Banks in his individual capacity.  In her second amended complaint filed in her original suit, Ms. Edwards alleged claims of racial and gender discrimination pursuant to 42

U.S.C. § 1983 as well as violations of the Arkansas Whistle-Blower Act ("AWBA"), Ark. Code Ann. §§ 21-1-601, *et seq.*; the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. §§ 11-4-201, *et seq.*; and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. She also alleged that Warden Banks had terminated her within six months prior to the filing of her original complaint.

On September 25, 2014, the Jefferson County Circuit Court granted defendants' motions to dismiss Ms. Edwards' complaint, amended complaint, and second amended complaint (Dkt. No. 32-4, at 2). The court found that Ms. Edwards failed to plead sufficient facts to state a claim against the ADC under the AWBA, AMWA, and FLSA (Dkt. No. 32-4, at 2). The court found that her claims against Warden Banks "must be dismissed on a number of grounds as well[:]" (1) Ms. Edwards failed to plead sufficient facts to state a claim against Warden Banks under the more stringent fact pleading standard set by Arkansas Rule of Civil Procedure 8(a); (2) Warden Banks "is immune from suit and liability pursuant to Ark. Code Ann. § 19-10-305 and Edwards has not stated any facts that would give rise to an exception to this statutory immunity[;]" and (3) Warden Banks is entitled to qualified immunity from Ms. Edwards's § 1983 claims (Dkt. No. 32-4, at 2). The court dismissed Ms. Edwards' claims against Warden Banks and the ADC without prejudice (Dkt. No. 32-4, at 2). Her claims against the VUEC were dismissed with prejudice, as she had previously voluntarily dismissed those claims once before (Dkt. No. 32-4, at 2).

Ms. Edwards admits that the Jefferson County Circuit Court dismissed her lawsuit but claims that it "was dismissed for lack of jurisdiction." (Dkt. No. 37, at 2). She provides no record citation and makes no further argument in support of her denial of the remaining allegations regarding the Jefferson County Circuit Court's dismissal. After reviewing these

documents and all of the record evidence, the Court finds that Ms. Edwards has not presented a genuine dispute to these material facts.

At 4:32 p.m. on September 25, 2015, Ms. Edwards refiled her claims against Warden Banks and the ADC in the Circuit Court of Pulaski County, Arkansas (Dkt. No. 32-5). Her case was assigned to the Honorable Mary S. McGowan. In her complaint, Ms. Edwards raises the same claims that were included in her second amended complaint filed in her original suit.

At 7:22 p.m. on September 25, 2015, counsel for Ms. Edwards filed an amended complaint in *Nelson v. Banks, et al.*, No. 60CV-15-2554, which was pending in the Circuit Court of Pulaski County, Arkansas, before the Honorable Wendell Griffen (Dkt. No. 32-6). The amended complaint in *Nelson v. Banks* pending before Judge Griffen added Ms. Edwards as a plaintiff and copied the allegations made by Ms. Edwards in her recently-filed action then-pending before Judge McGowan (Dkt. No. 32-6, ¶¶ 26-50).

Ms. Edwards denies these facts regarding the suit before Judge Griffen (Dkt. No. 37, at 2). Ms. Edwards' denial of these facts is unexplained and unsupported by record evidence. Warden Banks and the ADC attach to their motion for summary judgment the time-stamped copies of Ms. Edwards' complaint in the action before Judge McGowan and the amended complaint in the action before Judge Griffen (Dkt. Nos. 32-5; 32-6). After reviewing these documents and all of the record evidence, the Court finds that Ms. Edwards has not presented a genuine dispute to these material facts.

On September 29, 2015, Warden Banks and the ADC removed Ms. Nelson and Ms. Edwards' combined complaint pending before Judge Griffen to this Court (Dkt. No. 1). Ms. Edwards' case before Judge McGowan remained in Pulaski County Circuit Court. In the case pending before Judge McGowan, Ms. Edwards twice moved for extensions of time to serve

Warden Banks and the ADC, but she never perfected valid service on either in that case. On July 29, 2016, Judge McGowan granted Warden Banks and the ADC's motion for summary judgment based on insufficient service of process and dismissed with prejudice Ms. Edwards's complaint against the defendants. Ms. Edwards did not appeal Judge McGowan's Order, which is now final.

## II.     Legal Standard

Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party. *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under the prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).

However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### III.     Discussion

Warden Banks and the ADC argue that Ms. Edwards' claims against them are barred by *res judicata*, as Judge McGowan dismissed Ms. Edwards' action against them with prejudice pursuant to Arkansas Rule of Civil Procedure 41(b).  "In examining whether a final decision in a state-court judgment precludes a subsequent federal court action, [courts] 'give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'"  *Zutz v. Nelson*, 601 F.3d 842, 847 (8th Cir. 2010) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81 (1984)).  Therefore, the Court must analyze the *res judicata* effect of Judge McGowan's dismissal under Arkansas law.

Ms. Edwards' claims against Warden Banks and the ADC are barred under *res judicata* if "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies."  *Baptist Health v. Murphy*, 373 S.W.3d 269, 278 (Ark. 2010).  In circumstances where identical cases between the same parties are pending in a federal court and a state court at the same time, "the 'first forum to dispose of the case' enters 'a judgment that is binding on the parties.'"  *National Bank of Commerce v. Dow Chemical Company*, 1 S.W.3d 443, 447 (Ark. 1999) (quoting *Carter v. Owens–Illinois, Inc.,* 551 S.W.2d 210 (Ark. 1977)).

Warden Banks and the ADC argue that all five elements are met in this case (Dkt. No. 33, at 5).  In response, Ms. Edwards argues that the defendants' motion for summary judgment should be denied for three reasons:  (1) the defendants waived the defense of *res judicata*; (2) the Pulaski County Circuit Court did not have jurisdiction over Ms. Edwards' suit because the

defendants claimed that they had sovereign immunity; and (3) the state court action was a nullity (Dkt. No. 36, at 1-2). The Court will examine each of these arguments raised by Ms. Edwards.

### A.  Waiver

Ms. Edwards argues that the defendants waived their *res judicata* defense by failing to raise it in their answer (Dkt. No. 36, at 1). Rule 8(c) of the Federal Rules of Civil Procedure provides that, in responding to a pleading, a party must affirmatively state any affirmative defense, including *res judicata*. "Generally, failure to plead an affirmative defense results in a waiver of that defense." *First Union National Bank v. Pictet Overseas Trust Corp.,* 477 F.3d 616, 622 (8th Cir.2007). Therefore, the Court must determine whether Warden Banks and the ADC waived their *res judicata* defense.

Ms. Edwards was added as a plaintiff to this action when her counsel filed an amended complaint (Dkt. No. 4). Defendants responded to plaintiffs' amended complaint by filing motions to dismiss (Dkt. Nos. 6; 12). Before the Court ruled on defendants' motions to dismiss, the defendants filed their motion for summary judgment based on *res judicata*. The Court ruled on defendants' motion to dismiss, granting in part and denying in part defendants' motions to dismiss on September 29, 2016 (Dkt. No. 38). Warden Banks and the ADC filed their answer to Ms. Nelson and Ms. Edwards' amended complaint on October 10, 2016 (Dkt. No. 40). In their answer, Warden Banks and the ADC state that "Plaintiffs' claims may be barred, in whole or in part, by the doctrine of res judicata or collateral estoppel" (*Id.* ¶ 86).

The Court finds that Warden Banks and the ADC did not waive the affirmative defense of *res judicata* for two reasons. First, they raised this affirmative defense in their timely answer

to Ms. Nelson and Ms. Edwards' amended complaint (*Id.*, ¶ 86).[1] To the extent that Ms. Edwards argues that Warden Banks and the ADC waived this affirmative defense by not raising it in their motion to dismiss her complaint, the Court rejects her argument. Certain defenses can be waived by failing to include them in a motion to dismiss. *See* Federal Rule of Civil Procedure 12(h). *Res judicata* is not among these defenses. Therefore, Warden Banks and the ADC did not waive the defense of *res judicata* because they raised it in their timely answer to Ms. Nelson and Ms. Edwards' amended complaint.

Even if this Court were to conclude that Warden Banks and the ADC technically failed to plead properly the affirmative defense of *res judicata*, the Court would find that the defense was not waived. According to the United States Supreme Court, "the Rule 8(c) pleading requirement is intended to give the opposing party both notice of the affirmative defense and an opportunity to rebut it." *First Union*, 477 F.3d at 623 (citing *Grant v. Preferred Research, Inc.,* 885 F.2d 795, 797–98 (11th Cir. 1989)). Accordingly, the Eighth Circuit Court of Appeals has "eschewed a literal interpretation of the Rule that places form over substance, and instead [has] held that '[w]hen an affirmative defense is raised in the trial court in a manner that does not result in unfair surprise, . . . technical failure to comply with Rule 8(c) is not fatal.'" *Id.* (citation omitted) (quoting *Financial Timing Publ'ns, Inc. v. Compugraphic Corp.,* 893 F.2d 936, 944 n.9 (8th Cir. 1990)). In this case, the defendants raised their *res judicata* defense early in this litigation through a motion for summary judgment filed before defendants answered. Ms. Edwards has responded to the motion. She has not been unfairly surprised by this defense. Therefore, even if

---

[1] Warden Banks and the ADC's answer to the amended complaint was timely because it was served within 14 days after the Court entered its Order granting in part and denying in part Warden Banks and the ADC's motions to dismiss. Fed. R. Civ. P. 12(a)(4).

Warden Banks and the ADC technically failed to comply with Rule 8(c), their affirmative defense of *res judicata* has not been waived.

### B.     Sovereign Immunity

Ms. Edwards argues alternatively that the judgment in the state court action before Judge McGowan does not have preclusive effect in this case because Warden Banks and the ADC asserted sovereign immunity in their answer to Ms. Edward's complaint in the state court action. Ms. Edwards attaches as an exhibit to her response defendants' answer in the action before Judge McGowan, in which the defendants plead the affirmative defense of sovereign immunity (Dkt. No. 35-1, ¶ 50).  Ms. Edwards contends that "[u]nder [the defendants'] argument, the State of Arkansas shall never be a Defendant in its State courts" (Dkt. No. 36, at 2).  Ms. Edwards asserts that, if the defendants' sovereign immunity argument is "true," then her earlier state court action does not have a preclusive effect because the Pulaski County Circuit Court did not have jurisdiction over the action, there was not a full and fair opportunity to litigate the issue, and there was not a judgment on the merits (*Id.*).

The Court finds that the Pulaski County Circuit Court had jurisdiction over Ms. Edwards' state action.  In the complaint filed in her action before Judge McGowan, Ms. Edwards brought claims against the ADC and Warden Banks in both his official and individual capacities (Dkt. No. 32-5).  Under Arkansas law, the ADC and Warden Banks, in his official capacity, may be entitled to sovereign immunity under Article 5, Section 20, of the Arkansas Constitution, which provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." *See DuBois v. Hobbs*, 2014 Ark. 259, 3 (2014) (finding that the ADC and the Director of the ADC, sued in his official capacity, were entitled to sovereign immunity under Ark. Const. art. V, § 20). Warden Banks could also be immune from Ms. Edwards' claims against him in his individual

capacity pursuant to Arkansas Code Annotated § 19-10-305(a), which provides that "[o]fficers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability insurance, for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment." If the ADC and Warden Banks, in both his official and individual capacities, were immune from suit, then the Pulaski County Circuit Court would not have had jurisdiction over Ms. Edwards' complaint. *Cross v. Arkansas Livestock & Poultry Comm'n*, 943 S.W.2d 230, 232-33 (Ark. 1997).

The Court finds that the Pulaski County Circuit Court had jurisdiction over Ms. Edwards' complaint because it had jurisdiction over Ms. Edwards' claims against Warden Banks in his official and individual capacities. With the exception of those covered by insurance, "if any officers and employees of the State of Arkansas act without malice and within the scope of their employment, they are immune from an award of damages in litigation." *Id.* at 233 (citing *Smith v. Denton*, 895 S.W.2d 550 (Ark. 1995)). To determine whether the Pulaski County Circuit Court had jurisdiction to hear Ms. Edwards' claims against Warden Banks in his official and individual capacities, the Court must look to the face of Ms. Edwards' complaint to determine whether she alleged that Warden Banks acted with malice and within the scope of his employment. *Id.* "To prove malice a plaintiff must present evidence that the state official had an 'an intent and disposition to do a wrongful act greatly injurious to another . . . a conscious violation of the law . . . .'" *Okruhlik v. Univ. of Arkansas ex rel. May*, 255 F.3d 615, 627 (8th Cir. 2001) (quoting *Fuqua v. Flowers,* 20 S.W.3d 388, 391 (Ark. 2000).

In her complaint filed in the state action, Ms. Edwards alleges that Warden Banks mishandled funds and that, after she reported his behavior, Warden Banks "subjected the

Plaintiff to stricter scrutiny and eventually fired her" (Dkt. No. 32-5, ¶¶ 3-5). She claims that Warden Banks fired her because she is a black female and that Warden Banks knew such discrimination was illegal (*Id.*, ¶ 34). The Court concludes that the Pulaski County Circuit Court had jurisdiction to hear Ms. Edwards' claims against Warden Banks in his official and individual capacities because, on the face of Ms. Edward's complaint, Warden Banks was not entitled to immunity under Arkanas Code Annotated § 19-10-305(a). *Cross*, 943 S.W.2d at 233 (finding that the trial court had jurisdiction to hear plaintiff's complaint against the defendant in his official and individual capacities as Executive Director of the Arkansas Livestock and Poultry Commission when the complaint alleged that defendant intentionally deprived plaintiff of employment without just cause and for personal motives and thus interfered with his employment).

The Court also finds that the fact that the defendants raised sovereign immunity as an affirmative defense in their answer to Ms. Edward's state action complaint has no bearing on whether the proceedings before Judge McGowan qualified as a good faith contest of the issues and as a judgment on the merits. While Warden Banks and the ADC raised sovereign immunity as an affirmative defense in their state court action, Judge McGowan dismissed Ms. Edwards' complaint based on insufficient service of process, not sovereign immunity (Dkt. No. 32-9). As this Court addresses *infra*, the Arkansas Supreme Court has held that dismissal with prejudice based on insufficient service of process qualifies as a full and fair opportunity to litigate the issues and as a judgment on the merits.

### C. Nullity

Ms. Edwards also argues that, under Arkansas law, "service of valid process is necessary to give a court jurisdiction over a defendant," meaning that the judgment entered in the action

before Judge McGowan "does not bar claims in this matter because the filing was a nullity for lack of service" (Dkt. No. 36, at 2). The Court rejects this argument. In *Jordan v. Circuit Court of Lee Cty.*, 235 S.W.3d 487, 494 (Ark. 2006), the Arkansas Supreme Court concluded that the plaintiff's third action against the defendant was barred by *res judicata* where the plaintiff's first action was voluntarily dismissed pursuant to Arkansas Rule of Civil Procedure 41(a) and the plaintiff's second action was dismissed with prejudice pursuant to Arkansas Rule of Civil Procedure 41(b) after the plaintiff failed to serve his second complaint on the defendant within 120 days, as required by Arkansas Rule of Civil Procedure 4. The Arkansas Supreme Court specifically found that the Circuit Court of Lee County, Arkansas, for *res judicata* purposes, had jurisdiction to hear the second complaint despite the fact that valid service of process was not completed. *Id.* ("Judge Simes had jurisdiction to hear the second complaint.").

This Court acknowledges that here, unlike the plaintiff in *Jordan*, Ms. Edwards did not voluntarily dismiss her first action. That factual distinction makes no difference to the outcome in this case. Pursuant to Arkansas Rule of Civil Procedure 41(b), which addresses involuntary dismissals in cases in which there has been a failure of the plaintiff to comply with the Arkansas Rules of Civil Procedure, "[a] dismissal under this subdivision is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits." For these reasons, despite that the dismissal of Ms. Edwards' claims the first time was not voluntary, Judge McGowan's second dismissal operated as an adjudication on the merits of Ms. Edwards' claims.

### IV. Conclusion

"The purpose of res judicata is to put to an end litigation by preventing a party who has already had a fair trial on the matter from litigating it again." *Skallerup v. City of Hot Springs*, 309 S.W.3d 196, 200 (Ark. 2009). The Court finds that Ms. Edwards' claims against Warden Banks and the ADC are barred by *res judicata*. The action before Judge McGowan resulted in a judgment on the merits, as it was dismissed with prejudice pursuant to Arkansas Rule of Civil Procedure 41(b). *Id.* ("Under Rule 41(b), a second dismissal based on failure to serve valid process shall be made with prejudice where the plaintiff has previously taken a voluntary nonsuit. . . . As such, Rule 41(b) requires that second dismissals operate as adjudications on the merits.") (internal quotation marks omitted). That Ms. Edwards' claims were not voluntarily dismissed but instead involuntarily dismissed by the Jefferson County Circuit Court does not matter to the outcome here. *See* Ark. R. Civ. P. 41(b). Judge McGowan had jurisdiction to hear the second complaint. The action was fully contested in good faith. *Skallerup*, 309 S.W.3d at 200 ("Dr. Jordan's motion to dismiss the second complaint for failure to comply with Rule 4 is a good-faith contest of the second complaint."). Finally, there can be no dispute that the parties and issues in Ms. Edward's action before Judge McGowan and in this action are the same. Therefore, Warden Banks and the ADC's motion for summary judgment on the claims of separate plaintiff Helen Edwards is granted (Dkt. No. 32). Ms. Edwards' claims against Warden Banks and the ADC are dismissed with prejudice.

So ordered this 22nd day of November, 2016.

Kristine G. Baker
United States District Judge